CITIZENS NATIONAL BANK OF SPRINGVILLE, Plaintiff, *v.* HARRY G. CONGER and the ASSOCIATES DISCOUNT CORPORATION, Defendants.

Supreme Court, Erie County, July 9, 1941.

*Ira W. Smith* [*Frederic R. Twelvetrees* of counsel; *Dwight Campbell, Jr.,* on the brief], for the plaintiff.

*Lombardo & Pickard,* for the defendant Associates Discount Corporation.

LYTLE, J. This action was tried before the court without a jury. On November 17, 1939, there was filed in the office of the Secretary

of State a statement of trust receipt financing pursuant to article 3-A (§ 50 *et seq.*) of the Personal Property Law. Therein the entruster was identified as Associates Discount Corporation, the " Dealer (Trustee) " as " Carl R. Johnson, Inc., by Carl R. Johnson, Treas.," and the subject goods as motor vehicles.

On December 12, 1939, a certain Plymouth passenger automobile was sold by a bill of sale bearing said date to the defendant Associates Discount Corporation (hereinafter called the Finance Company) by Brost Motors, Inc. Physical custody of the automobile passed to Carl R. Johnson, Inc., in consideration of which a trust receipt covering said automobile was executed " Carl R. Johnson, Inc., by Carl R. Johnson, Treas.," and delivered to the defendant Finance Company.

On February 14, 1940, while the automobile in question was still in the custody of Carl R. Johnson, Inc., at its place of business in Gowanda, N. Y., pursuant to the terms of said trust receipt, the defendant Conger and Carl R. Johnson (hereinafter called Johnson), the treasurer of the corporation bearing his name, appeared in person at the offices of the plaintiff bank at Springville, N. Y. There they conferred with said bank's cashier and represented that said automobile was to be sold to the defendant Conger for a stated consideration. A form of chattel mortgage was prepared then and there, subscribed by the defendant Conger as mortgagor and by " Carl R. Johnson " as mortgagee, and delivered to the plaintiff. Contemporaneously, a promissory note was executed by the defendant Conger, payable to the plaintiff, and indorsed " Carl R. Johnson." This note in the amount of the purchase price of the automobile plus interest and other charges was delivered to the plaintiff along with the chattel mortgage. Thereupon the plaintiff drew a cashier's check for the principal sum of the loan. The amount of the said check was the same as the purported purchase price of the automobile. The check, drawn by the cashier of the bank, was payable to Carl R. Johnson, Inc. Apparently the cashier's check was not cashed at the plaintiff bank for it bears a rubber stamp indorsement, " Pay to the order of Bank of Gowanda or order Carl R. Johnson, Inc. Carl R. Johnson," and a further indorsement in the handwriting of Johnson, " Carl R. Johnson, Inc. Carl R. Johnson, Treas." The defendant Finance Company received no part of the proceeds of this transaction or any other payment for the automobile.

The defendant Conger never took possession of the automobile and it was taken into possession by the defendant Finance Company from the place of business of Carl R. Johnson, Inc., on April 5, 1940.

Meanwhile, and about February 15, 1940, the plaintiff caused the chattel mortgage to be duly filed, and honored its cashier's check when the same cleared on February 16, 1940, indorsed as above stated, plus Bank of Gowanda and Marine Trust Company rubber stamp indorsements.

Despite a trustee's limited rights in a chattel by reason of the making and delivering of a trust receipt, and despite the due filing of a statement of trust receipt financing, a purchaser of the chattel in the ordinary course of trade takes a good title. (Pers. Prop. Law, § 58-a, subd. 2.) Furthermore, a purchaser in good faith for value from a trustee of a negotiable instrument or negotiable document, and a purchaser in good faith for value and by transfer in the customary manner of an instrument in such form as is by common practice purchased and sold as if negotiable, takes title free from the entruster's interest. (Pers. Prop. Law, § 58-a, subd. 1.)

It seems to be the law of this State that a purchaser in good faith for value of a chattel mortgage, regular on its face, and accepted in what appears to be the ordinary course of trade or the customary manner, takes title free from the entruster's interest, even though the mortgage and the mortgagor's evidence of title were created in a fraudulent scheme. The authority for this proposition is *Farmers National Bank of Amsterdam* v. *Universal Credit Company, Inc.* (259 App. Div. 955; reargument and leave to appeal denied, 260 id. 816; leave to appeal denied, 284 N. Y. 818), hereinafter called the *Amsterdam* case. There is a striking similarity of facts in that case with the facts in the case at bar.

In the *Amsterdam* case the trustee was a corporate automobile retailer which had obtained custody of an automobile through a trust receipt financing transaction. A statement had been duly filed and a trust receipt given to the defendant Finance Company therein. The president of the trustee purportedly sold the automobile to another employee of the trustee. The purported vendee then executed a note and chattel mortgage to plaintiff bank therein which duly filed the same, and the proceeds of the note were credited to the account of the trustee and by it withdrawn and disbursed. The defendant Finance Company therein received no part of the proceeds of the transaction or any other payment for the automobile. Subsequently the defendant Finance Company therein took possession of the automobile. The plaintiff bank made a demand and brought and was successful in an action similar to this.

The purported vendee in the *Amsterdam* case was the wife of said president of the trustee. The court found, nevertheless, that the plaintiff bank therein acted in good faith and I find that the plain-

tiff bank in the case at bar acted in good faith. The relationship of the defendant Conger with Carl R. Johnson, Inc., was revealed to the plaintiff bank with the explanation that Conger planned to use the automobile as a demonstrator.

If it were not for the difference in the documents involved in the two cases, it would be difficult to distinguish between them. However, in the *Amsterdam* case the trustee in its proper corporate name executed a bill of sale to the purported vendee, and she, in her proper name, executed a chattel mortgage to the plaintiff bank therein. No such clear-cut picture is presented in the case at bar. The defendant Conger had nothing to show title; neither a document nor the possession of the chattel. Nowhere in the chain of events in the case at bar did the corporate retailer, Carl R. Johnson, Inc., make, deliver or even exhibit any document that would vest any rights in either the plaintiff bank or the defendant Conger.

An excellent brief submitted on behalf of the plaintiff ably argues that in receiving and retaining the proceeds of the transaction, Carl R. Johnson, Inc., ratified the acts of Johnson and became bound by his acts. Certain it is that if Carl R. Johnson, Inc., were the only party to suffer, this plaintiff would prevail. It must be remembered that as between the plaintiff bank and the defendant Finance Company, this is a contest over the rights of parties both free from any act of wrongdoing. The agency of the trustee, Carl R. Johnson, Inc., was a limited agency, and the only acts of the agent which could bind the principal, defendant Finance Company, were acts within the actual or apparent scope of the agency. There is no question that the acts were beyond the actual scope, and Johnson had no apparent scope of agency at all to act for the defendant Finance Company. Therefore, no acts of Johnson as an individual, even if subsequently ratified by Carl R. Johnson, Inc., can be attributed to the defendant Finance Company. The latter was free of any wrongdoing, actual or constructive.

The argument is made on behalf of the plaintiff bank that the presence of Johnson's name in the chattel mortgage and on the note instead of the name of the trustee, Carl R. Johnson, Inc., was the result of inadvertence and mistake. I find that in accepting the mortgage so subscribed and the note so indorsed, the bank acted through inadvertence and mistake, but in good faith. This finding is supported by the fact that the bank drew its cashier's check to the order of Carl R. Johnson, Inc. Mere good faith, however, is not sufficient to furnish a basis for the recovery in this litigation in favor of the bank as against the defendant Finance Company. The rights of the bank to any recovery against the Finance Company must be based upon the bank's interest in the automobile.

The bank's interest in the automobile depends upon its lien on the automobile. The lien in turn depends upon the chattel mortgage, and the chattel mortgage was given by the defendant Conger who had no title to the automobile.

There was no mutual mistake here. Johnson as an individual conducted the transaction with Conger and with the bank. His acts were done with a preconceived fraudulent intent as the evidence clearly shows. The omission in the chattel mortgage and on the note of the corporate designation was not an oversight on his part, but was deliberate and intentional. Conger, too, was a knowing party to the fraudulent scheme. His failure to take possession of the automobile he had " bought " clearly shows that. What has just been said is further supported by certain acts previous to February 14, 1940. A prior fraudulent transaction, carried out much as was this one, was handled with the use of Johnson's individual name. Another salesman named Gartley performed the same convenient offices that Conger did here. It appears that all *bona fide* sales were financed in the corporate name and a record of the transactions made and kept in the corporate books. There is no record in the corporate books of either the Gartley or Conger transactions.

An entruster's rights may be divested by a transaction in the ordinary course of trade or in the customary manner. (Pers. Prop. Law, § 58-a.) I construe this to mean a transaction with the trustee in the ordinary course of trade or in the customary manner. A subsequent ratification by the trustee will not transform a transaction which was neither in the ordinary course of trade nor in the customary manner, into a transaction satisfying the statute and defeating the rights of an innocent entruster. Before the *Amsterdam* case may be availed of, there must be established a transaction regular on its face in the first instance.

The plaintiff is entitled to judgment against the defendant Conger for the amount of the note executed by him, less the payment made, plus interest and costs. The defendant Associates Discount Corporation is entitled to judgment dismissing the complaint as to it, without costs.